UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS PETERSON,

         Petitioner,
                       9:10-CV-0821
v.                             (GTS/ATB)

SUPERINTENDENT, a/k/a People of the State
of New York,

         Respondent.
_____

APPEARANCES:                 OF COUNSEL:

CARLOS PETERSON, 08-B-3052
 Petitioner, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN         HANNAH S. LONG, ESQ.
Attorney General for the State of New York    Assistant Attorney General
 Counsel for Respondent
120 Broadway
New York, New York  10271

HON. GLENN T. SUDDABY, United States District Judge

### DECISION and ORDER

    Currently before this Court, in this habeas corpus proceeding filed *pro se* by Carlos Peterson ("Petitioner") pursuant to 28 U.S.C. § 2254, are (1) a Report-Recommendation from United States Magistrate Judge Andrew T. Baxter recommending that Petitioner's Amended Petition be denied and dismissed, and that a certificate of appealability not issue (Dkt. No. 46), (2) Petitioner's three requests for leave to supplement his Objections to Magistrate Judge Baxter's Report-Recommendation (Dkt. Nos. 48, 50, 51), and (3) Petitioner's letter-request for a suppression hearing (Dkt. No. 54).  For the reasons set forth below, Petitioner's three requests

for leave to supplement his Objections to Magistrate Judge Baxter's Report-Recommendation are denied; and the Clerk of the Court is directed to strike from the docket Petitioner's two subsequent submissions attempting to supplement his Objections (Dkt. Nos. 52, 53). Moreover, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety: Petitioner's Amended Petition is denied and dismissed; Petitioner's letter-request for a suppression hearing is denied as moot, and, in the alterative, as unsupported by a showing of cause; and it is directed that a certificate of appealability not issue.

I.   **RELEVANT BACKGROUND**

   A.   **Petitioner's Claims**

In his petition, Petitioner asserts one ground for habeas relief: that the evidence was insufficient to convict him of second degree assault. For the sake of brevity, the Court will not repeat the factual background of Petitioner's  2008 conviction for assault in the second degree, criminal mischief in the fourth degree, criminal trespass in the third degree, and resisting arrest, but will simply refer the parties to the relevant portions of Magistrate Judge Baxter's Report-Recommendation, which accurately recites that factual background. (Dkt. No. 46 at 1-7.)

   B.   **Magistrate Judge Baxter's Report-Recommendation**

On March 28, 2011, Magistrate Judge Baxter issued his Report-Recommendation. In his Report-Recommendation, Magistrate Judge Baxter recommends dismissal of Petitioner's petition because, after reviewing the evidence presented at trial in the light most favorable to the prosecution, a rational trier of fact could have found proof of guilt beyond a reasonable doubt. (Dkt. No. 46.) Thus, "the Appellate Division did not act contrary to *Jackson v. Virginia*[, 443 U.S. 307 [1979]] when it refused to disturb the jury determination and held that the evidence was sufficient to convict petitioner of Assault, Second Degree under N.Y. Penal Law § 120.05(3)."

(*Id*.) Petitioner's Objections the Magistrate Judge Baxter's Report-Recommendation were due by April 14, 2011.[1]

    **C.**    **Petitioner's Objections**

On April 4, 2011, Petitioner submitted his Objections to the Report-Recommendation. (Dkt. No. 47.) Construed with the utmost of special liberality, Petitioner's Objection argues that Magistrate Judge Baxter erred in recommending dismissal of his habeas because he failed to take into account (1) that neither medical reports, testimony from a doctor, or evidence of prescription medication was introduced at trial regarding the injuries suffered by the officers whom Petitioner was found guilty of assaulting, and (2) that there was no testimony indicating that the injuries suffered by the officers whom Petitioner was found guilty of assaulting caused them "substantial pain or substantial injury or extended period of injury sufficient to keep [them] from working as a police officer or [from performing other] physical condition[s]. . . ." (*Id*.)

In a submission post-marked April 21, 2011 (seven days after the expiration of the deadline by which to file Objections to the Report-Recommendation), Petitioner requested leave to supplement his Objections with what he characterized as "new evidence" (specifically, a one-page copy of the criminal complaint against him), which he attached. (Dkt. No. 48.) In his submission, Petitioner argues that he did not meet the criteria to charge him with second degree assault because he did not possess or use a weapon to inflict injury on the officers. (*Id*.)

---

    [1]    Under the applicable rules, the time period for the filing of Objections is fourteen (14) calendar days from the date of filing of the Report-Recommendation (unless the fourteenth day is a Saturday, Sunday, or legal holiday, in which case the period continues to run until then end of the next day that is not a Saturday, Sunday, or legal holiday), plus three (3) calendar days if the Report-Recommendation was served on the objecting party by mail. *See* Fed. R. Civ. P. 72(b)(2); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(1)(C); Fed. R. Civ. P. 6(d).

Similarly, in a submission post-marked April 23, 2011 (nine days after the expiration of the deadline by which to file Objections to the Report-Recommendation), Petitioner requested leave to supplement his Objections with a three-page written statement, which he attached. (Dkt. No. 50.) In his submission, Petitioner essentially reiterates arguments he has previously raised regarding the insufficiency of the evidence as it relates to injuries suffered by the officers whom Petitioner was found guilty of assaulting. (*Id.*)

On May 25, 2011, the Court issued a Text Order stating that it would consider Petitioner's two requests, and that "[t]his case is fully briefed and no further filings will be accepted by the Court." (Text Order date 05/25/2011.)

Nonetheless, in a submission post-marked July 11, 2011 (58 days after the expiration of the deadline by which to file Objections to the Report-Recommendation), Petitioner again requested leave to supplement his Objections with what he characterized as "newly discovered eviden[c]e" (specifically, a one-page arrest report), which he attached. (Dkt. No. 50.)

On July 14, 2011, the Court issued a Text Order stating that it would consider Petitioner's third request. (Text Order date 07/14/2011.) The Court also stated as follows: "Petitioner is again advised that this case is fully briefed and no further filings will be accepted by the Court. The Clerk of the Court is authorized to strike, without any further Order of the Court, any future briefing Petitioner attempts to file regarding the Report-Recommendation." (*Id*.)

Nonetheless, in two submissions post-marked August 9, 2011, and August 29, 2011, Petitioner again attempted to supplement his Objections to Magistrate Judge Baxter's Report-Recommendation. (Dkt. Nos. 52, 53.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[2]   On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[3]   *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

B.  **Standard Governing Review of Petitioner's Habeas Petition**

Magistrate Judge Baxter correctly recited the legal standard governing review of Petitioner's *habeas corpus* petition. (Dkt. No. 46 at 7-10.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

III.  **ANALYSIS**

As an initial matter, the Court denies, as unsupported by a showing of cause, Petitioner's three requests for leave to supplement his Objections to Magistrate Judge Baxter's Report-Recommendation. (Dkt. Nos. 48, 50, 51.) In terms of efficiency, permitting Petitioner to adduce evidence that was not presented before me would be an inefficient use of judicial resources, and indeed would frustrate the purpose of the Magistrates Act.[4] In terms of fairness, Petitioner has had a full and fair opportunity to be heard on his claims. He has not provided adequate reasons for not originally submitting this evidence to Magistrate Judge Baxter. The evidence is not of such importance as Petitioner argues. Finally, Respondent would be unduly prejudice by Petitioner's belated presentation of this evidence. The Court reaches the same conclusion with regard to Petitioner's two submissions post-marked August 9, 2011, and August 29, 2011, which the Court directs the Clerk of the Court to strike from the docket. (Dkt. Nos. 52, 53.)

Turning to the merits of Petitioner's Objections, the Court finds that he has failed to make specific objections with regard to Magistrate Judge Baxter's Report-Recommendation. As a result, the Court must review the Report-Recommendation for only clear error. After carefully

---

[4] *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court agrees with the recommendation made by Magistrate Judge Baxter. Magistrate Judge Baxter employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 46.) As a result, the Court accepts and adopts Magistrate Judge Baxter's Report-Recommendation in its entirety for the reasons stated therein. The Court would add only six points.

First, the Report-Recommendation would survive even a *de novo* review.

Second, the Report-Recommendation would survive even if the Court considered the materials and arguments that Plaintiff sought to introduce during the Objection phase. (Dkt. Nos. 48, 50, 51, 52, 53.)

Third, as Magistrate Judge Baxter noted in his Report-Recommendation, New York Penal Law § 120.05(3) states that a person is guilty of assault in the second degree if "with intent to prevent a peace officer, [or] a police officer. . . from performing a lawful duty. . . he or she causes physical injury to such peach officer, [or] police officer." In other words, there is no requirement that, in order to be found guilty of second degree assault, the defendant must have used or possessed a weapon.

Fourth, as Magistrate Judge Baxter noted, the statute does not require the "physical injury" to be substantial, or serious. (Dkt. No. 46 at 12.) *See also New York v. Rivera*, 42 A.D.3d 587, 588 (N.Y. App. Div., 3d Dept. 2007) (noting that, "while 'slight or trivial pain' is insufficient, the '[p]ain need not, however, be severe or intense to be substantial.'"). Rather, as defined in N.Y. Penal Law § 10.00(9), "physical injury" simply means an "impairment of physical condition or substantial pain." (Dkt. No. 46.)

7

Fifth and finally, as Magistrate Judge Baxter noted, the requirement of an "impairment" or "substantial pain" has been satisfied in cases where the evidence of injury was less significant than the evidence of injury in this case. (Dkt. No. 46, at 11-13.) *See also New York v. Williams*, 847 N.Y.S.2d 717, 719 (N.Y. App. Div., 3d Dept. 2007) (finding that evidence that officer was hit in the area of his neck and ear, which resulted in the officer almost losing consciousness, suffering from a severe headache, and suffering from a slight contusion that was tender for about 10 days, causing him to be prescribed Tylenol and miss one day of work, was "clearly sufficient for the jury to have concluded that . . . [the officer] sustained a physical injury within the meaning of Penal Law § 10.00(9)").

Sixth, because the Court accepts and adopts Magistrate Judge Baxter's thorough Report-Recommendation, thereby denying and dismissing Petitioner's Amended Petition, Petitioner's letter-request for a suppression hearing must be denied as moot. In the alterative, it is denied as unsupported by a showing of cause.

**ACCORDINGLY**, it is

**ORDERED** that Petitioner's three requests for leave to supplement his Objections to Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 48, 50, 51) are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to **STRIKE** from the docket Petitioner's two subsequent submissions attempting to supplement his Objections (Dkt. Nos. 52, 53); and it is further

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 46) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's letter-request for a suppression hearing (Dkt. No. 54) is **DENIED** as moot, and, in the alternative, as unsupported by a showing of cause; and it is further

**ORDERED** that Petitioner's Amended Petition (Dkt. No. 12) is **DENIED** and **DISMISSED** in all regards; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: September 14, 2011
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge